**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Jennifer A Lis | | CHAPTER 13 |
| | Debtor(s) | |
| MidFirst Bank | | |
| | Movant | |
| vs. | | NO. 22-13146 AMC |
| Jennifer A Lis | | |
| | Debtor | |
| Mark Gowland | | |
| | Co-Debtor | |
| Kenneth E. West | | 11 U.S.C. Section 362 and 1301 |
| | Trustee | |

**MOTION OF MidFirst Bank**
**FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER SECTION 362 and 1301**

1. Movant is MidFirst Bank.

2. Debtor(s) is/are the owner(s) of the premises 10211 Ambridge Place, Philadelphia, PA 19114, hereinafter referred to as the mortgaged premises.

3. Movant is the holder of a mortgage, original principal amount of $95,700.00 on the mortgaged premises that was executed by Debtor and Co-Debtor as co-mortgagors on January 30, 1998. The mortgage has been assigned as follows: Assigned to MidFirst Bank on May 29, 2019, recorded in Philadelphia county on June 5, 2019 Doc. Id. 53521139.

4. Kenneth E. West, is the Trustee appointed by the Court.

5. The commencement and/or continuation of the mortgage foreclosure proceedings by reason of non-payment of monthly mortgage payments were stayed by the filing of a Chapter 13 Petition in Bankruptcy by the Debtor(s).

6. Co-Debtor, Mark Gowland, who has not filed for Bankruptcy in this case, is liable on the mortgage loan secured by the aforesaid mortgage together with the Debtor.

7. Debtor(s) has/have failed to make the monthly post-petition mortgage payments in the amount of $960.42 for the months of February 2023 through April 2023 with a suspense balance of $1.16. mortgage loan secured by the aforesaid mortgage together with the Debtor.

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and legal costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The total amount necessary to reinstate the loan post-petition is $2,880.10(plus attorney's fees & costs).

10. Moreover, the debtor did not extend the limited stay 30-day stay pursuant to 11 U.S.C. § 362(c)(3)(B), and that technically no automatic stay is in effect. Consequently, the movant is seeking an Order under 11 U.S.C. § 362(j) confirming that the stay is terminated.

11. Movant is entitled to relief from stay for cause.

12. This motion and the averments contained therein do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the mortgage and applicable law.

WHEREFORE, Movant prays that an Order be entered modifying the Stay and permitting Movant to proceed with its mortgage foreclosure on the mortgaged premises, and to allow the Sheriff's Grantee to take any legal action to enforce its right to possession of the mortgage premises. Further, Movant prays that an Order be entered awarding Movant the costs of this suit, reasonable attorney's fees in accordance with the mortgage document and current law together with interest.

/s/ Mark A. Cronin
Mark A. Cronin, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant